IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02724-ZLW-BNB

HOWARD MARTIN,

Plaintiff,

v.

ROCKY MOUNTAIN MOTORISTS, INC., d/b/a AAA COLORADO, Inc.,

Defendant.

## STIPULATED PROTECTIVE ORDER

Defendant, Rocky Mountain Motorists, Inc., d/b/a AAA Colorado, Inc. ("Defendant," or "AAA Colorado"), and Plaintiff, Howard Martin ("Plaintiff" or "Martin"), having appeared before the Court by stipulated motion and having shown good cause for the entry of a protective order, IT IS ORDERED:

1. This Stipulated Protective Order ("Protective Order") shall apply to all documents, materials, and information disclosed, produced, exchanged, or otherwise disseminated in this case, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Documents and information produced by Plaintiff and Defendant (collectively, the "Parties") through discovery that contain confidential and/or proprietary information shall be

treated as confidential by the Parties and shall be used solely for the purpose of preparation and trial of this litigation and for no other purpose or litigation whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Protective Order or pursuant to a legally enforceable subpoena.

4. Information designated as "Confidential Information" shall be information that includes or implicates employee, customer, or member medical information; proprietary business information and/or business information not made available to the public; information protected from disclosure pursuant to regulations, including but not limited to any nonpublic, personal information regarding customers or members; private personnel, customer, or member information or files; or any other information that a designating Party in good faith believes contains confidential and/or proprietary information.

5. In designating information as "Confidential Information," a Party will make such designations only as to that information that the Party has reviewed and in good faith believes contains confidential and/or proprietary information.

6. The Parties may designate documents produced in this action as "Confidential Information" by marking each document so designated as "Confidential," or "Confidential Information." In lieu of marking the original of a document, if the original is not produced, the Parties may mark the copies that are produced or exchanged.

Documents unintentionally produced without designation as "Confidential," or produced before the Stipulated Protective Order is issued, may be retroactively designated in the same manner.

7. "Confidential Information" may only be disclosed or made available to the following persons who shall be designated as "Qualified Persons":

(a) The Parties, including the representatives for Defendant;

(b) Attorneys of record for the Parties in this litigation and employees of such attorneys to whom it is necessary that the information be shown for purposes of this litigation;

(c) The Court, its employees and agents, court reporters, and their agents in depositions, hearings, or trial in this action;

(d) Stenographic reporters who are actively engaged in proceedings necessarily incident to the conduct of this action;

(e) Independent investigators, experts, or consultants retained by any Party's counsel of record in the preparation of this case, to whom it is necessary that the information be shown for purposes of this litigation;

(f) Deponents, witnesses, or potential witnesses; and

(g) Any other person designated as a Qualified Person by this Court, after notice and hearing, or designated by written agreement of the Parties.

8. Prior to disclosing any documents containing "Confidential Information" to any Qualified Person described above in paragraph 6(e) through 6(g), counsel shall provide such Qualified Person with a copy of this Protective Order and obtain from such Qualified Person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to an *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

9. Information disclosed at any deposition may be designated by the Parties as "Confidential Information" by indicating on the record at the deposition that the testimony is

"Confidential" and is subject to the provisions of this Protective Order. Alternatively, the Parties may also designate information disclosed at such deposition as "Confidential" by notifying the other Party's counsel in writing within forty-five (45) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "Confidential" thereafter.

10. A party may object to the designation of particular information as "Confidential" by giving written notice to the designating party. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

11. In the event a Party who has received "Confidential Information" wishes to use any "Confidential Information," including deposition testimony or any exhibits comprised of, or which contain, information designated as "Confidential Information," in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, the receiving Party shall ~~seek leave to~~ file such "Confidential Information" under seal pursuant to D.C.COLO.LCivR 7.2 and 7.3~~, either before or contemporaneously with the filing~~. In filing and serving documents

containing "Confidential Information," and in moving to file "Confidential Information" under seal, the receiving Party shall adhere to the District of Colorado Electronic Case Filing Procedures concerning filing documents under seal.

12. The provisions of paragraph 11, above, of this Protective Order do not apply to exhibits offered at the time of trial; provided, however, that any Party shall be entitled to seek such protective orders concerning the "Confidential Information" to be introduced at trial as it deems reasonable and/or necessary.

13. Any Party may seek an order of this Court modifying this Protective Order. The Court may modify this Protective Order at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

14. Within sixty (60) days upon final disposition of this litigation (including any appeal) all "Confidential Information," all reproductions thereof, and all abstracts and compilations therefrom, in the possession of any Qualified Persons, shall be returned to counsel for the Party who produced the information and/or designated it as "Confidential." No copies shall be retained by the receiving Party, his or its counsel or expert witnesses. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of "Confidential Information" pursuant to this Protective Order.

Dated April 1, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

Approved as to form:

| | |
|---|---|
| s/Karen Hendrick Larson | s/Daniel M. Combs |
| Karen Hendrick Larson | Emily F. Keimig |
| 1120 Lincoln St., Ste. 711 | Daniel M. Combs |
| Denver, CO 80203 | SHERMAN & HOWARD L.LC. |
| (303) 831-4404 – Telephone | 633 17th Street, Suite 3000 |
| (303) 830-8843 FAX | Denver ,CO 80202 |
| kvirginia@aol.com | (303) 297-2900 |
| | (303) 298-0940 (fax) |
| ATTORNEY FOR PLAINTIFF | E-mail: EKeimig@ShermanHoward.com |
| | DCombs@ShermanHoward.com |
| | ATTORNEYS FOR DEFENDANT |